UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN DIAZ,
    Plaintiff,

v.                                          CIVIL ACTION NO. 18-11257-IT

ASHLEY JOHNSON,
United States Navy,
MICHAEL MYERS,
United States Office of Naval Research (ONR),
JIM GALAMBOS,
Defense Strategic Technology Office,
ANDREI IANCU,
United States Patent and Trade Mark Office,
    Defendants.

REPORT AND RECOMMENDATION RE: DISMISSAL

KELLEY, U.S.M.J.

    The complaint in this case was filed on June 15, 2018. (#1.) On August 2, 2018, plaintiff requested that the U.S. marshal or deputy marshal be ordered to serve summonses on three of the four named defendants. (#7.) On September 17, 2018, the court issued the following Order:

> Plaintiff's motion for extension is GRANTED to the extent that the time within which service must be effectuated is extended to October 19, 2018. If at that time plaintiff has been unable to serve process by other means provided in Rule 4, Diaz shall file with the court a detailed explanation of the steps he undertook to effectuate service of process of the defendants. Based on the content of that filing, the court will consider whether the circumstances warrant issuing an order to the marshal or deputy marshal to serve process pursuant to Rule 4(c)(3), Federal Rules of Civil Procedure.

#15 at 3-4. Nothing has been filed in this case since September 2018. There is no indication on the docket that service has been effectuated, and plaintiff has not responded to the court's Order (#15).

I RECOMMEND that the complaint be DISMISSED because plaintiff has failed to effectuate service in a timely manner.

There is another reason why this matter should be dismissed. The court notes that in the complaint, plaintiff alleges that he "has jurisdiction and standing in his case under the Tucker Act 28 U.S.C. § 1491, Administrative Procedure Act (APA) 5 U.S.C. §§ 551, 702 (1994)." (#1 ¶ 12.) Plaintiff seeks $1,400,000.00 in damages for various claims. *Id.* at pp. 54-55.

The United States, its agencies and its employees acting in their official capacities can only be sued for damages if the United States has explicitly waived its sovereign immunity. *United States v. Bormes*, 568 U.S. 6, 9 (2012) (internal citations and quotation marks omitted); ("Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed.") *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citations omitted) ("It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."); *Paret–Ruiz v. United States*, 827 F.3d 167, 176 (1st Cir. 2016); *Merlonghi*, 620 F.3d at 54 ("The United States as a sovereign can be haled into court only if it consents to be sued.").

The Tucker Act vests jurisdiction in the Court of Federal Claims "upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Horne v. Dep't of Agriculture*, 569 U.S. 513, 526–27 (2013). The statute further provides:

> Both the Unite[d] States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

28 U.S.C.A. § 1491(b)(1).[1] At this point in time, "[t]he Court of Federal Claims thus has exclusive jurisdiction over Tucker Act claims exceeding $10,000." *Paret–Ruiz*, 827 F.3d at 176 n.16 (citing *United States v. Hohri*, 482 U.S. 64, 72 (1987) ("Tucker Act claims for more than $10,000 may be brought only in the United States Claims Court.")).

The APA provides in relevant part that:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority

---

[1] Title 28 U.S.C. § 1491(b)(1) was part of the Administrative Dispute Resolution Act of 1996 ("ADRA"), Pub. L. No. 104–320, 110 Stat. 3870 (1996). *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1079 (Fed. Cir. 2001). The Federal Circuit has explained that:

> [T]o prevent forum shopping and to promote uniformity in government procurement award law, Congress sought to channel the entirety of judicial government contract procurement protest jurisdiction to the Court of Federal Claims. Therefore, as part of the ADRA, Congress enacted a sunset provision, which terminated federal district court jurisdiction over bid protests on January 1, 2001. Pub. L. No. 104–320, § 12(d), 110 Stat. at 3875. It is clear that Congress's intent in enacting the ADRA with the sunset provision was to vest a single judicial tribunal with exclusive jurisdiction to review government contract protest actions.

*Id.* (footnote omitted).

>shall not be dismissed nor relief therein be denied on the ground that it is against
>the United States or that the United States is an indispensable party.

5 U.S.C. § 702. By its terms, the statute excludes cases seeking monetary damages from court review. Because plaintiff seeks money damages, the APA does not afford the court jurisdiction over his claim. *Sibley v. Ball*, 924 F.2d 25, 29 (1st Cir. 1991); *Leeper v. Viola*, No. 17-CV-10185-NMG, 2017 WL 2837007, at *1 (D. Mass. June 30, 2017) ("Nor does the Administrative Procedure Act, 5 U.S.C. § 702, provide a cause of action for suits seeking monetary damages."); *Arruda & Beaudoin, LLP v. Astrue*, No. CIV.A. 11-10254-GAO, 2013 WL 1309249, at *15 (D. Mass. Mar. 27, 2013); *Leveris*, 249 F. Supp. 2d at 3 ("After *Sibley*, I can only conclude that [plaintiff] has made a request for money judgment for which this court has no jurisdiction under the APA . . . .").

The APA also limits review of agency action to cases in which "there is no other adequate remedy in a court." 5 U.S.C. § 704; *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("When Congress enacted the APA to provide a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies."). It appears plaintiff has an adequate remedy of bringing his claims in the Court of Federal Claims. *See American Science & Engineering, Inc. v. Califano*, 571 F.2d 58, 62 (1st Cir. 1978) (citations omitted) ("The very language of § 704 of the APA belies plaintiff's claim. It provides for court review of agency action 'for which there is no other adequate remedy in a court'. Yet review by the Court of Claims has consistently been held to provide an adequate remedy for an alleged breach of contract by a federal agency.").[2]

---

[2] To the extent plaintiff is alleging antitrust claims, the court has no subject matter jurisdiction because the United States is "not a person who can be an antitrust defendant." *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 745 (2004).

For these reasons, I FURTHER RECOMMEND that the complaint be DISMISSED because the court does not have subject matter jurisdiction under the Tucker Act or the APA, the bases for jurisdiction alleged in the complaint.

<u>Review by the District Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of service of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Federal Rules Civil Procedure, shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 29, 2019                                      /s/ M. Page Kelley
                                                    M. Page Kelley
                                                    United States Magistrate Judge